STATE of Missouri,
Plaintiff-Respondent,

v.

Clifford JARMON, Defendant-Appellant.

No. 38679.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 13, 1977.

James B. Ashwell, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

Defendant was convicted by jury of first degree murder of Avery Donnie Brooks. His appeal raises two points of alleged error: (1) that the trial court erred in failing to declare a mistrial after the prosecutor, in closing argument, referred to the defendant as a "dopehead"; (2) that the testimony of the State's key witness was unbelievable, and, hence, defendant's motion for judgment of acquittal should have been granted. We affirm the judgment.

Jefferson Davis Smith was the State's chief witness. He testified that he saw the defendant shoot Avery Donnie Brooks in the head by means of a sawed-off shotgun.

During closing argument the prosecutor commented to the jury that "one dopehead" (meaning the defendant) had shot another (meaning Brooks) in front of a dope pad. Defendant's counsel objected and requested that the jury be instructed to disregard the remark. The trial court sustained the objection, instructed the jury to disregard the remark but refused to declare a mistrial.

We first note that the narcotics issue was raised rather extensively during the trial and that an explanation given for the defendant's feral attack on Brooks was that defendant—as well as others—had been "ripped off" by Brooks in narcotics transactions; that Brooks apparently had exhibited a propensity to mix sugar with the heroin which he was selling.

■ Of course, a prosecutor should not promiscuously brand a defendant with opprobrious or unbecoming appellations. See *State v. Stockbridge*, 549 S.W.2d 648 (Mo.App.1977). But not every improper remark forms a basis for a mistrial, and the trial court is vested with substantial discretion in determining whether a mistrial is warranted. In view of the trial court's prompt action in sustaining defendant's objection and instructing the jury to disregard the remark, even though not granting a mistrial—particularly in view of the quantity of testimony concerning defendant's possible drug involvement—there was no abuse of discretion. *State v. Pittman*, 549 S.W.2d 591 (Mo.App.1977); *State v. Washington*, 549 S.W.2d 547 (Mo.App.1977); *State v. Thomas*, 548 S.W.2d 574 (Mo.App.1977); *State v. Lacy*, 548 S.W.2d 251 (Mo.App. 1977); *State v. Porter*, 538 S.W.2d 888 (Mo. App.1976).

■ Defendant argues that the testimony of the State's primary witness—Jefferson Davis Smith—was unworthy of belief due to his past criminal record and criminal charges pending against him; that it was acknowledged that Smith had initially given a statement to the police at variance with his courtroom testimony clearly establishing defendant as Brooks' murderer.

The jury was constantly reminded in complete detail by both the prosecutor and defendant's counsel of Smith's sordid background and of the fact that in his first statement to the police he had stated that he had not seen who had killed Brooks—a complete variance with his trial testimony which totally involved the defendant with the killing. As stated in *State v. Burr*, 542 S.W.2d 527, 532 (Mo.App.1976):

> "The testimony of a single witness, if deemed credible by the jury may be considered sufficient for conviction, although that testimony may be uncertain or inconsistent."

There is no question that the testimony of Smith, if believed by the jury, was sufficiently substantial to convict defendant as Brooks' murderer, as he fully described seeing defendant pull the trigger of the shotgun and seeing Brooks fall from the blast to his head. The matter of credibility of

Smith's testimony in this case rested with the jury. The jury believed Smith and resolved any inconsistencies or conflicts in his testimony against defendant, which, of course, is a jury prerogative. We perceive no reason for setting aside the judgment. *State v. Roberson,* 548 S.W.2d 280 (Mo.App. 1977); *State v. Sampson,* 546 S.W.2d 9 (Mo. App.1976); *State v. Peck,* 545 S.W.2d 725 (Mo.App.1977); *State v. Thomas,* 541 S.W.2d 775 (Mo.App.1976). This is true in spite of Smith's prior criminal record and criminal charges pending against him. Section 491.050 RSMo 1959. See *State v. Collett,* 526 S.W.2d 920 (Mo.App.1975).

Judgment affirmed.

KELLY, P. J., and WEIER, J., concur.