**STATE of Missouri,
Plaintiff-Respondent,**

v.

**William F. POWERS,
Defendant-Appellant.**

**No. 11668.**

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 29, 1980.

Motion for Rehearing and Transfer
Denied Feb. 4, 1981.

**10**

R. Brooks Kenagy, Beckham, Hale, How-- ald & Kenagy, Steelville, for defendant-appellant.

John Ashcroft, Atty. Gen., Nancy D. Kelley, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Chief Judge.

The defendant was charged as a second offender with having committed burglary and stealing on September 26, 1976. He was found guilty by a jury and sentenced by the court to 10 years' imprisonment for burglary and five years' imprisonment for stealing, the sentences to run concurrently. The defendant does not question the sufficiency of the evidence. His two points on appeal are based upon the lapse of time between the time he was charged and the time he was tried. Therefore, a statement of the facts of the offenses is not necessary. However, in the consideration of the points raised the court has examined the evidence. Suffice it to say the state presented a strong case based upon the testimony of the

defendant's accomplice, the corroborating testimony of a disinterested witness and corroborating physical evidence.

Even though the defendant's points concern the failure of the state to accord him a speedy trial, the record on appeal provides but scanty information concerning the history of the defendant's case. Neither side offered evidence upon the hearing of the defendant's motion to dismiss based upon the denial of a speedy trial or upon the hearing of the defendant's motion for a new trial asserting error in such denial. The factual background for the consideration of the defendant's points is obtained primarily from entries upon the judge's minutes, as supplemented by bits of information garnered from the legal file and the transcript. A bare outline of that factual background follows. The defendant was arrested on September 29, 1976. On February 25, 1977, a transcript of his preliminary hearing was filed in the circuit court. An information was filed on March 2, 1977. On May 24, 1977, the defendant was arraigned and an attorney appointed for him. On June 21, 1977, by agreement the case was set for trial on September 2, 1977. On August 25, 1977, the trial setting was stricken for the reason the defendant was in the custody of federal authorities.

In reference to the latter entry, it appears that on October 4, 1977, the defendant was convicted in the United States District Court on three counts of knowingly receiving firearms shipped in interstate commerce after having been convicted of second degree burglary. He was sentenced to two concurrent terms of four years and an additional consecutive term of four years. On October 25, 1977, the defendant was delivered to the United States Penitentiary in Terre Haute, Indiana. At an undisclosed date thereafter the defendant was transferred to the Federal Medical Center in Springfield, Missouri. The record shows he was confined there on May 4, 1979, and apparently yet confined there in October, 1979, when he was returned to the state authorities for his trial.

Again concerning the proceedings in the circuit court, the judge's minutes reflect the following: On October 18, 1977, the cause was continued by the agreement of the parties; on December 6, 1977, the defendant's attorney filed a motion to withdraw; on May 22, 1978, the cause was continued at the request of the state; and on September 25, 1978, the cause was continued as the defendant was in prison. Then on March 12, 1979, by the agreement of the parties the cause was set for trial on June 5, 1979.

On May 4, 1979, the defendant filed his pro se motion for dismissal of the charges because he had been denied a speedy trial and he had not been brought to trial within three terms. That motion recites the defendant's federal convictions and that he was currently confined in the Federal Medical Center. It further recites that on October 27, 1977, the state was requested to forward a warrant to the Department of Justice, Bureau of Prisons, Terre Haute, Indiana, if the defendant was wanted by the Crawford County authorities to which there was no response. The motion then alleges that in April and August, 1978, the defendant contacted his attorneys and was told they were trying to have the charges dismissed. In February and March, 1979, the Assistant United States Public Defender is alleged to have contacted the prosecuting attorney with no response. The motion then alleges that on April 10, 1979, the defendant learned his case was set for trial on June 6, 1979. Without specificity, the defendant alleged the lapse of time had all but eliminated his chances of producing witnesses and adequately preparing his defense.

It is the action of the circuit court in overruling this motion to dismiss that forms the basis of the defendant's two points on appeal. The subsequent activities in his case are not directly involved. However, it should be noted that after the motion was filed, the defendant's counsel was permitted to withdraw and new counsel, who vigorously supported that motion, was appointed. While the motion was pending, the case was continued once by agreement and once at the request of the defendant. When the motion was overruled, the defendant made application for a change of venue which was granted and by agreement the case set for trial on October 26, 1979. It was actually tried on October 29, 1979.

The defendant contends the circuit court erred in overruling his motion to dismiss for the reason he was entitled to be discharged under §§ 545.890 and 545.920 RSMo 1978, V.A.M.S., because he was not brought to trial before the end of the third term after the information was filed. Before 1979 the terms of the circuit court in Crawford County were on the fourth Mondays in February, May and September. § 478.313 RSMo 1969, V.A.M.S. During 1979, it was considered there were terms of such circuit court on the second Mondays in February, May, August and November. § 478.205. It is apparent the defendant was not tried within the statutory number of terms. However, that fact did not entitle the defendant to be discharged. It is not necessary to inquire into the delay nor the causes for the delay in bringing the defendant to trial for the purpose of determining the applicability of the statutes.

"We accordingly hold that a defendant is not entitled to be released under the statutes in question (assuming the statutory exceptions are not applicable) simply because the required number of terms have elapsed. In addition to that he must show that he has demanded a trial, and that such request was made without success for a reasonable length of time before his right to release has been asserted." *State v. Harper*, 473 S.W.2d 419, 424 (Mo. banc 1971). At no time did the defendant demand a trial. Even considering his motion as a demand for trial, taking into account the subsequent delay occasioned by the defendant, the case was certainly tried within a reasonable time after the motion was filed. This point is denied. *State v. West*, 484 S.W.2d 191 (Mo.1972); *State v. Hollis*, 584 S.W.2d 137 (Mo.App.1979); *State v. Haslip*, 583 S.W.2d 225 (Mo.App.1979).

The defendant's last point is that the circuit court erred in overruling his motion because he had been denied a speedy trial within the meaning of the Sixth

Amendment to the Constitution of the United States. Defendant correctly asserts that the right to a speedy trial, as guaranteed by the Sixth Amendment, is applicable to the states. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). He also correctly asserts the right is not suspended because a defendant is in prison in another jurisdiction. The state is nonetheless required to make a good faith effort to bring that defendant to trial. *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); *State v. Endres*, 482 S.W.2d 480 (Mo.1972). However, the court has been cited to no case and has found none which indicates that effort is to be measured by any standard other than that applicable to one not so imprisoned.

■ The unique aspects of the right to a speedy trial are thoroughly analyzed in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). One of those unique aspects is "the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived". *Barker v. Wingo*, supra, 407 U.S. at 522, 92 S.Ct. at 2188, 33 L.Ed.2d at 112. The standard to be applied in determining whether or not a defendant has been denied a speedy trial within the meaning of the Sixth Amendment "is a balancing test, in which the conduct of both the prosecution and the defendant are weighed". *Barker v. Wingo*, supra, 407 U.S. at 530, 92 S.Ct. at 2191–2192, 33 L.Ed.2d at 116. This weighing process is to be employed on a case by case basis with consideration of all the factors involved. Four of those factors have been identified as "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant". *Barker v. Wingo*, supra, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117.

■ Delay for an undue period, which is a relative thing dependent upon the nature of the case or circumstances involved, is regarded as a triggering mechanism and "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance". *Barker v. Wingo*, supra, 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. This case was not a complex case

and the length of the delay was such that the other factors must be considered. "However, we do not consider the delay so inordinately lengthy as to automatically weigh heavily against the state. See *Barker v. Wingo*, supra, (five-year delay—no denial of speedy trial); *United States v. Ewell*, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966) (19-month delay—no denial of speedy trial); *United States v. Roemer*, 514 F.2d 1377 (2d Cir. 1975) (56-month delay—no denial of speedy trial); *United States v. Skillman*, 442 F.2d 542, 557 (8th Cir.), cert. denied, 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971) (20-month delay—no denial of speedy trial)". *Morris v. Wyrick*, 516 F.2d 1387, 1390 (8th Cir. 1975).

■ The factor next logically considered is the reason for the delay. The cause of the delay from the arrest to the filing of the information is unknown. It is not shown whether or not the defendant was in custody during this period. The defendant makes no complaint concerning this period in his motion or in his brief. It is a fair supposition this period should not be weighed against the state. The delay from the filing of the information to the time the defendant was arraigned was not undue as the defendant was arraigned at the next term of court following the filing of the information. The delay from arraignment to September 2, 1977, should not be weighed against the state for the latter was the date upon which the defendant agreed his trial should be had. Nor should the period from that date to February, 1978, for on October 18, 1977, the case was continued by agreement. However, the next term of court was the fourth Monday in February, 1978. There is no entry in the judge's minutes for that term. Subsequent entries indicate that the case was continued at the request of the state or because the defendant was imprisoned. In the absence of other circumstances, this delay would weigh rather heavily against the state. However, the weight to be assigned this period of delay is significantly reduced as it appears from the defendant's motion that during that period his attorneys, with his knowledge, were trying to get the case dismissed. Even this period terminates on

March 13, 1979, for on that date by the agreement of the parties the case was set for trial on June 5, 1979, and the subsequent delay should not be weighed heavily against the state.

The next identified factor to be considered is possible prejudice to the defendant. The defendant at no time has cited any witnesses he might have called or defense he might have presented had his case been tried earlier. From a consideration of the evidence it seems most unlikely his defense was impaired by the delay. There was no oppressive pretrial incarceration because for the greater period of the time involved the defendant was in federal custody. *United States v. Askew*, 584 F.2d 960 (10th Cir. 1978). The defendant did not even allege he had been subjected to undue anxiety or concern. *United States v. Jackson*, 542 F.2d 403 (7th Cir. 1976). However, because of the delay in holding his state trial, it is possible that a shorter period of his state sentence will run concurrently with his federal sentence than otherwise would have been the case. This is speculative, but could be weighed, although not heavily, against the state. *United States v. Ackerson*, 502 F.2d 300 (8th Cir. 1974); *United States v. Cabral*, 475 F.2d 715 (1st Cir. 1973).

The last identified factor to be considered is the defendant's responsibility to assert his right. Even considering the allegations of the defendant's motion, the record does not establish the defendant ever made a demand for a trial. At the most, those allegations establish that the state authorities were invited to send a warrant to Terre Haute and that the Assistant United States Public Defender inquired about the status of the defendant's case. On the other hand, those allegations do establish that during the period of delay, with the defendant's knowledge, his attorneys were trying to get the case dismissed. It was only when the defendant was informed his case was set for trial that he filed his motion to dismiss. Under these circumstances, the defendant's failure to assert his right to a trial weighs heavily against him. Balancing all of the factors involved, the defendant was not denied a speedy trial and

the trial court did not err in overruling his motion. *United States v. Walters*, 591 F.2d 1195 (5th Cir. 1979); *Morris v. Wyrick*, supra, *State v. Black*, 587 S.W.2d 865 (Mo. App.1979). This conclusion is supported by and indeed is compelled by the observation "[w]e emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial". *Barker v. Wingo, supra*, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 117–118. The judgment is affirmed.

BILLINGS, P. J., and PREWITT, J., concur.