UNITED STATES of America, Appellee,

v.

Ronald BOLES, Appellant.

UNITED STATES of America, Appellee,

v.

Robert J. QUINLAN, Appellant.

UNITED STATES of America, Appellee,

v.

Robert B. QUINLAN, Appellant.

Nos. 81–2229, 81–2301 and 82–1089.

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1982.

Decided June 29, 1982.

Rehearing and Rehearing En Banc Denied
in Nos. 81–2301 and 82–1089 July 30,
1982, and in No. 81–2229 Aug. 16, 1982.

Earl E. Cloud, Cloud & Cloud, P. C., Huntsville, Ala., for appellant Boles.

William M. Lyons, Sacramento, Cal., for appellants Robert J. Quinlan and Robert B. Quinlan.

Thomas E. Dittmeier, U. S. Atty., Larry D. Hale, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT and HENLEY,* Circuit Judges, and BARTLETT,** District Judge.

---

* The Honorable J. Smith Henley assumed senior status on June 1, 1982.

** The Honorable D. Brook Bartlett, United States District Judge, Western District of Missouri, sitting by designation.

HENLEY, Senior Circuit Judge.

Ronald Boles, Robert J. Quinlan, and Robert B. Quinlan appeal their convictions of conspiracy to possess approximately one thousand pounds of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm.

In September, 1980 Boles, accompanied by R. J. Quinlan and R. B. Quinlan, met with undercover agents in St. Louis and agreed to purchase a quantity of marijuana. Negotiations and arrangements spanned several days. On September 26, after Boles tendered payment to the agents, appellants were arrested. However, in order to protect the continuing undercover operation, appellants were not charged at this time, and were released the next morning. The present indictment was returned on May 29, 1981. A jury trial commencing on October 13, 1981 resulted in guilty verdicts against Boles and R. J. Quinlan. The jury was unable to reach a unanimous verdict with respect to R. B. Quinlan, who was retried and found guilty on December 15, 1981.

All appellants contend that the district court[1] erred in denying their pretrial motions to dismiss the indictment on the grounds that the eight-month delay between their arrests and the return of the indictment violated their rights to a speedy trial under the sixth amendment and the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.* We disagree.

It is established that sixth amendment rights are not triggered until one is "accused," *United States v. Costanza,* 549 F.2d 1126, 1131 (8th Cir. 1977), that is, until one is formally indicted or subjected to " 'the actual restraints imposed by arrest and holding to answer a criminal charge.' " *United States v. Matlock,* 558 F.2d 1328, 1329 (8th Cir.), *cert. denied,* 434 U.S. 872, 98 S.Ct. 218, 54 L.Ed.2d 152 (1977), *quoting United States v. Marion,* 404 U.S. 307, 320,

92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971). Although appellants were arrested on September 26, they were released the next morning. They were not taken before a magistrate, nor were they formally charged, nor were they held in custody pending the filing of formal charges. *See United States v. Marion,* 404 U.S. at 321 n.12, 92 S.Ct. at 463 n.12 (suggesting that the speedy trial clause is triggered on the date the charge is filed unless "the defendant has been continuously held in custody or on bail ... until that date"). *Cf. United States v. Costanza, supra* (Defendants who were physically detained and searched, and received *Miranda* warnings, but were not arrested or brought before a magistrate, were not "accused."). We think it doubtful that appellants attained the status of "accused" within the meaning of the sixth amendment. *But see United States v. MacDonald,* —— U.S. ——, ——, 102 S.Ct. 1497, 1505, 71 L.Ed.2d 696 (1982) (Marshall, J., dissenting).

We need not decide this question, however. The Supreme Court recently held that "[o]nce charges are dismissed, the speedy trial guarantee is no longer applicable." *United States v. MacDonald,* —— U.S. at ——, 102 S.Ct. at 1502. Thus, even if appellants' arrests triggered sixth amendment protection, their release the next morning, which we think is analogous to the dismissal of charges, placed them "in the same position as any other subject of a criminal investigation." *Id. See United States v. Solomon,* 679 F.2d 1246 at 1252 (8th Cir. 1982); *United States v. Hillegas,* 578 F.2d 453, 457 (2d Cir. 1978) ("The line is drawn ... at the point where charges are actually pending against an individual.").

Likewise, it has been held that the provisions of the Speedy Trial Act may not be invoked until a complaint has been filed, *United States v. Solomon, supra; United States v. Jones,* 676 F.2d 327 (8th Cir. 1982), and the Act itself provides that if charges

---

1. The Honorable Edward L. Filippine, United States District Judge, Eastern District of Missouri.

are dismissed and later reinstated, the interim period is excluded from computations of applicable time limitations. 18 U.S.C. §§ 3161(d) and 3161(h)(6); *United States v. MacDonald*, —— U.S. at —— n.7, 102 S.Ct. at 1501 n.7.

■ We thus conclude that the trial court properly upheld the indictment against appellants' speedy trial challenges. In addition, we note that although a claim of undue delay before charges are filed or after charges are dismissed remains subject to scrutiny under the due process clause, *United States v. MacDonald*, —— U.S. at ——, 102 S.Ct. at 1501, appellants have failed to show that the government intentionally delayed seeking an indictment in order to gain a tactical advantage, or that their defense was substantially prejudiced. *See United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Rogers*, 639 F.2d 438, 440–41 (8th Cir. 1981).

■ Apart from the speedy trial challenges, appellants raise several individual contentions. Boles argues that the trial court's denial of his motion to sever prevented him from calling his codefendants as witnesses. However, Boles has failed to show the likelihood that his codefendants would testify at a separate trial or that their testimony would be exculpatory. *See United States v. Garcia*, 647 F.2d 794 (8th Cir.), *cert. denied*, 454 U.S. 970, 102 S.Ct. 516, 70 L.Ed.2d 387 (1981); *United States v. Jackson*, 549 F.2d 517, 524–25 (8th Cir.), *cert. denied sub nom. Muhammad v. United States*, 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977).

R. J. Quinlan contends that he should have been granted severance or a mistrial on the ground that he was substantially prejudiced by the introduction of allegedly inadmissible statements made by Boles to an agent concerning Boles' drug-dealing activities. We need not determine the admissibility of these statements, because there is no indication that these statements implicated Boles' codefendants, *cf. Bruton v. United States*, 391 U.S. 123, 135–36, 88 S.Ct. 1620, 1627–28, 20 L.Ed.2d 476 (1968) (extra-judicial statements of codefendant were "powerfully incriminating"), or that the court's limiting instructions were inadequate to dispel any prejudice to Quinlan. *See United States v. Davis*, 597 F.2d 648, 649–50 (8th Cir. 1979). *Cf. United States v. Figueroa*, 618 F.2d 934, 946–48 (2d Cir. 1980) (Instructions were insufficient to negate prejudice where jury's possible connection between inadmissible evidence and codefendants' guilt was strong, the case turned on the credibility of one witness, and comments by the trial judge may have prejudiced defendants' attack on the witness' credibility.).

■ Finally, R. B. Quinlan contends that the trial court erred in denying his motion for mistrial based on a statement by the prosecutor in closing argument implying, it is asserted, that appellant would have killed one of the undercover agents upon learning his identity. Although mistrial was denied, the court sustained objection and instructed the jury to disregard the remark. *See United States v. Singer*, 660 F.2d 1295, 1304–05 (8th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1030, 71 L.Ed.2d 314 (1982). We recognize that the trial judge has broad discretion in controlling closing arguments, *United States v. Bohr*, 581 F.2d 1294, 1301 (8th Cir.), *cert. denied*, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978), and while we do not approve the prosecutor's comment, we see no denial of a fair trial.

We conclude that the trial court did not abuse its discretion in its rulings on appellants' individual contentions. As indicated, the judgments of the district court are affirmed.