**William F. POWERS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 13528.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 5, 1984.

Kenneth A. Seufert, Farmington, for movant-appellant.

John D. Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant was convicted of burglary and stealing. On appeal those convictions were affirmed. *State v. Powers*, 612 S.W.2d 8 (Mo.App.1980). In this proceeding under Rule 27.26 he seeks to have those convictions vacated. After hearing the trial court denied that relief and movant appeals.

Movant contends that the trial court erred in overruling his motion because he received ineffective assistance of counsel as his counsel did not file a motion to dismiss based on the "speedy trial act", § 545.780, RSMo 1978. He asserts that had counsel so moved such motion would have been sustained as "the trial court would have no choice but to dismiss the charges against the Appellant upon his application."

Details regarding the lapse of time and the reasons it occurred, insofar as the record reveals those reasons, are set forth in *State v. Powers*, supra.

Movant had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f). Our review is limited to determining whether the find-

ings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j).

In order to show ineffective assistance of counsel movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also *Seales v. State,* 580 S.W.2d 733, 735 (Mo. banc 1979); *Owens v. State,* 610 S.W.2d 706, 707 (Mo. App.1981).

Section 545.780 "has no teeth. Dismissal of an indictment or information is purely a matter for the discretion of the trial judge. One who would challenge this exercise of discretion must meet the very substantial burden of demonstrating an abuse of discretion." *State v. Collins,* 669 S.W.2d 933 (Mo. banc 1984).

Movant has not established that if a motion had been filed seeking to dismiss the charges under § 545.780, RSMo 1978, it probably would have been successful. There is nothing in the record indicating that there is a "reasonable probability" that the outcome would have been different had such a motion been filed. It is obvious that much of the delay before movant was tried was not attributable to any fault of the state. Not granting the motion to dismiss would not have been an abuse of discretion. In our review we cannot say that the trial court's findings and judgment were clearly erroneous.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.