**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Paige Tedford MANARD,
Defendant-Appellant.**

**No. 13512.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 17, 1984.

Rehearing Denied Aug. 13, 1984.

Dee Wampler, Wampler, Wampler & Catt, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Presiding Judge.

Appellant Paige Tedford Manard and Raymond John Dieckmeyer were jointly charged with the sale of cocaine in violation of § 195.020. The charges were later severed. The appellant waived his right to a trial by jury. By agreement, the state submitted the charge against the appellant upon the written report of a police officer and a laboratory report. The defendant offered no evidence. Without prematurely foreclosing the appellant's second point, the court found him guilty and sentenced him to imprisonment for 10 years. He presents two points on appeal.

The written evidence establishes that on February 27, 1982, the appellant sold 115 grams of cocaine to an undercover police officer. A police informant participated in arrangements for the sale. The appellant received $9200 for the cocaine. The report received in evidence was prepared by the police officer who purchased the cocaine.

The appellant's first point is that he was denied a speedy trial in contravention of the Sixth Amendment. A complaint alleging the commission of the offense was filed on April 16, 1982. A warrant was issued. However, the return upon the warrant was not completed. The docket sheet contains an entry that the warrant was recalled at the request of the appellant's attorney. The appellant was never in jail. The docket sheet recites that on May 20, 1982, the appellant appeared in person and with his attorney. His preliminary hearing was set for June 9, 1982. He was released upon bond.

The appellant's application for a change of judge was sustained and the preliminary hearing reset for June 17, 1982. On that date the preliminary hearing was continued at the request of the state. The docket sheet bears a notation the attorneys were to work out a new date and contact the court. On June 24, 1982, the preliminary hearing was set for July 16, 1982. On the latter date, by agreement, the preliminary hearing was continued to September 30, 1982. On September 30, 1982, the state sought a continuance because of the absence of a witness. The continuance was denied and the court dismissed the complaint.

On that date, a new complaint was filed. On November 23, 1982, the defendants appeared with counsel and were released upon their own recognizance. A preliminary hearing was held on January 13, 1983. The defendants were bound over to the circuit court. An information was filed on January 14, 1983. Motions and requests were thereafter filed and heard. These included Dieckmeyer's motion to sever which was sustained on January 21, 1983. At a docket call on May 2, 1983, appellant's case was set for trial May 10, 1983. For a reason not disclosed by the record, it was not tried on that day. At a docket call on May 27, 1983, it was set for trial the week of June 6, 1983. On June 13, 1983, the appellant waived a jury trial and the case was set for trial before the court on July 5, 1983. After a delay resulting from appellant's application for change of judge, the case was heard on July 8, 1983.

The appellant contends the period to be considered commenced on February 27, 1982. It is clear it did not commence upon the commission of the offense. *State v. Bolin*, 643 S.W.2d 806 (Mo. banc 1983). Nor did it commence upon the filing of a complaint in the associate division of the circuit court. *State v. York*, 511 S.W.2d 758 (Mo.1974); *State v. Black*, 587 S.W.2d 865 (Mo.App.1979). The appellant fastens upon that date because he was initially

arrested immediately after the sale. It has been said the period commences upon the filing of the indictment or information or arrest, whichever occurs first. *State v. Holmes*, 643 S.W.2d 282 (Mo.App.1982). However, the cases delineating arrest as a factor to commence the period have referred to "the actual restraint imposed by arrest and *holding to answer* a criminal charge...." *United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 479 (1971) (emphasis added). Also see *Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); *United States v. Carlson*, 697 F.2d 231 (8th Cir. 1983); *State v. Bolin*, supra. In this case, the appellant was never in jail. He did not enter his appearance in the associate division of the circuit court until May 20, 1982. Until that time, he was not within the jurisdiction of the court. That entry of appearance was the equivalent of an arrest and holding to answer to a criminal charge. The same conclusion is reached by viewing his release after the initial arrest as analogous to the dismissal of a charge. *United States v. Boles*, 684 F.2d 534 (8th Cir.1982). The same result has been reached under the Federal Speedy Trial Act. *United States v. Solomon*, 679 F.2d 1246 (8th Cir. 1982). The pertinent time period did not commence until May 20, 1982.

█ Further, it is appellant's position the time to be considered was not interrupted by the dismissal of the first complaint. There is no indication or contention of bad faith on the part of the state in connection with that dismissal. It has been squarely held that the speedy trial guarantee of the Sixth Amendment is not applicable after that dismissal. *United States v. MacDonald*, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982); *United States v. Boles*, supra. It is appropriate to observe the appellant, after the dismissal, was not subject to the jurisdiction of the court until he again entered his appearance on November 23, 1982. The same result has been reached by considering the intervening period, but holding that it could not be charged to the state. *State v. Black*, supra. In regard to the 180-day statute, compare *State v.*

*Mask*, 655 S.W.2d 832 (Mo.App.1983). In regard to the Federal Speedy Trial Act, compare *United States v. Dennis*, 625 F.2d 782 (8th Cir.1980). When these two intervals are eliminated, the period to be considered is approximately 12 months.

The Sixth Amendment does not define a speedy trial in specific numerical terms. The circumstances that govern when a defendant should be, even can be, brought to trial are many and varied.

The standard to be applied in determining whether or not a defendant has been denied a speedy trial within the meaning of the Sixth Amendment 'is a balancing test, in which the conduct of both the prosecution and the defendant are weighed'.... This weighing process is to be employed on a case by case basis with consideration of all the factors involved. Four of those factors have been identified as '[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant'. *State v. Powers*, 612 S.W.2d 8, 12 (Mo.App.1980) (citations omitted).

█ However, until the delay is, under the circumstances, of such a length as to be presumptively prejudicial, there is no need to consider other factors involved. *State v. Bolin*, supra. As stated, in this case, the period did not commence until May 20, 1982. Trial was held approximately 13½ months later on July 8, 1983. In view of the dismissal and other circumstances, some of which will be later noted, that delay is not great. However, it will be considered sufficient to act as the triggering mechanism established in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which necessitates consideration of the other factors involved.

The second factor mentioned above is the reason for the delay. The appellant did apply for a change of judge for the preliminary hearing upon the first complaint. After the state had been granted a continuance, he apparently agreed to, or at least acquiesced in, a resetting three weeks later. More significantly, from July 16, 1982

to September 30, 1982, the preliminary hearing upon the first complaint was continued by agreement. Further, thereafter the appellant filed a request for a change of judge, requests for discovery and several motions. While the time necessary to dispose of these matters does not clearly appear, they did occasion some delay. The length of these periods cannot be weighed heavily against the state.

In regard to the third factor, on January 19, 1983, the appellant filed a motion for a speedy trial. However, with his motion for a speedy trial, the appellant filed a motion for disclosure, a motion to dismiss and for bill of particulars and a motion to take depositions. Thereafter, the appellant filed a request for discovery, a waiver of a jury trial, a motion to produce and an application for a change of judge. During that period, the state filed no motions and sought no continuances. Under these circumstances, the fact the appellant filed a motion for a speedy trial cannot be weighed heavily against the state. *State v. Dean*, 637 S.W.2d 409 (Mo.App.1982).

In respect to the fourth factor, the appellant claims prejudice because the informer who arranged the sale could not be found to be subpoenaed as a witness. However, the record contains no indication of when the informer left his employment with the Boone County Hospital in Columbia. The record contains no reason to believe his testimony would have been favorable to the appellant. The report of the police officer demonstrates the strength of the proof against the appellant. The appellant has not established a substantial possibility of prejudice by reason of delay. *State v. Buckles*, 636 S.W.2d 914 (Mo. banc 1982); *State v. Bolin*, supra.

■ It is most significant that at no time was the appellant in jail. He does not claim the delay resulted in oppressive anxiety. When all of the factors presented are weighed, it must be determined the trial court did not err in concluding the appellant was not denied a speedy trial in contravention of the Sixth Amendment. *State v.*

*Bolin,* supra; *State v. Powers,* supra, and cases cited therein.

After the exhibits were admitted and the appellant declined to testify, following the comments of counsel, the court announced:

I will say to you that the Court finds that the defendant is guilty of the charge, which I understand consists of Count I of the information. The Court finds that in view of the admission made by the defendant through his counsel that the defendant is guilty beyond a reasonable doubt of the charge set forth in Count I of the information.

The pertinent portion of the applicable docket entry reads as follows:

Deft's Motion for Judgment of Acquittal at the Close of State's Evidence filed in open Court, same overruled. Deft's Motion for Judgment of Acquittal at the Close of All The Evidence filed in open Court; same overruled. Deft offers no evidence and rests. Argument heard from counsel. *Court finds from the evidence there is a factual basis for finding beyond a reasonable doubt that the Deft is guilty as charged in Count I of the information.* The Court defers allocution and sets hearing on Motion for New Trial and sentencing on August 19, 1983 at 1:00 P.M. (emphasis added).

■ For his second point the appellant focuses upon the emphasized language of the docket entry. Based upon this language, he argues the judgment and sentencing were void because they were not preceded by a finding of guilty. He cites *City of St. Louis v. Moore*, 288 S.W.2d 383 (Mo.App.1956); *City of St. Louis v. Meixner*, 285 S.W.2d 50 (Mo.App.1955). It is not necessary to consider many questions inherent in the statement of this point. The docket entry must be considered in its entirety. The components of that docket entry must be construed in context. When so considered and construed, the underlined phrase is clearly a record the court found the defendant guilty. The appellant's second point is denied and the judgment is affirmed.

HOGAN and PREWITT, JJ., concur.

## ON MOTION FOR REHEARING

### PER CURIAM:

 The appellant seeks a rehearing (he does not pray for transfer) on two bases. He first says the opinion is factually incorrect by stating the appellant was never in jail. To demonstrate the contrary he attaches copies of three arrest reports to the motion.

By this method the appellant attempts to present a consideration not before the trial court. The motion does not direct the attention of this court to a material matter of fact "overlooked or misinterpreted by the court" as required by Rule 84.17. The sole reference in the record to the subject is the following: "THE COURT:—He hasn't been in jail at all? MR. MOUNTJOY: No, sir. He's been on bond." The record was approved by trial counsel. It was not questioned on appeal except by the post opinion motion. Such does not provide a basis for rehearing.

Moreover, no aspect of the motion affects the substance of the opinion. Appellant avers two of the reports indicate the defendant spent over 24 hours in jail "which would trigger his speedy trial rights earlier than that date referred to [in] the Court's opinion." The opinion considered those rights to be triggered on May 20, 1982, when the record shows the defendant submitted himself to the jurisdiction of the court.

The first two reports reflect very brief periods of detention on November 23, 1982 and October 20, 1983. Each suggests a booking before the defendant was released on bond.

The third report reflects the appellant was arrested at the time of the offense at 14:45 on February 27, 1982. A typed notation says bond was set at $150,000. There is a cryptic notation "Released 2–28–82 $10,000." However, there is nothing in the record to establish a complaint had been filed. The docket sheets before this court show a complaint was first filed April 16, 1982. That arrest and brief detention would not constitute "holding to answer a criminal charge" to trigger a speedy trial resulting from the complaint filed April 16, 1982. *United States v. MacDonald,* supra; *United States v. Marion,* supra, and related cases cited in the opinion.

In the post opinion motion the appellant charges the court with resorting to conjecture, assumption and guesswork in determining the trial court found the defendant guilty. This is reargument. "Reargument of issues determined by the opinion will be disregarded." Rule 84.17. The appellant's post opinion motion is denied.

All concur.