Jerry MAKENSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14591.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 9, 1986.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 31, 1986.

Allen G. Rose, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

WILLIAM H. CRANDALL, Jr., Special Judge.

Movant was convicted of robbery in the first degree and sentenced to serve twenty-five years' imprisonment. His conviction was affirmed on direct appeal. *State v. Makenson*, 679 S.W.2d 427 (Mo.App.1984). Movant then filed a Rule 27.26[1] motion alleging ineffective assistance of counsel. After an evidentiary hearing, his motion was denied. Defendant now appeals from that denial. We affirm.

Movant first contends that the motion court erred in overruling his motion to have another attorney appointed because a conflict of interest existed between hearing counsel and trial counsel. He argues that, because both counsel were from the public defender's office, a per se conflict of interest was created and he was denied his constitutional right to effective assistance of counsel.

The Missouri Supreme Court recently held that circuit courts have jurisdiction to appoint members of the public defender system to represent defendants who seek post-conviction relief and that this practice does not constitute a per se conflict of interest. *State ex rel. Pub. Defend. Com'n v. Bonacker*, 706 S.W.2d 449–451

---

**1.** All references to rules are to Missouri Rules of     Court, V.A.M.R.

(Mo. banc 1986). Movant's first point is denied.

Movant next contends that the motion court erred in finding that movant was not denied effective assistance of counsel because there was evidence that trial counsel did not make a reasonable effort to locate one Rhonda Robinette, a witness who allegedly possessed material information favorable to movant's case. Movant did not specify the exact nature of this "favorable" information.

■ The two-part test for ineffective assistance of counsel is: (1) performance of counsel that lacks the care and skill of a reasonably competent lawyer rendering similar services under the existing conditions, (2) which results in prejudice to the defendant. *Baker v. State*, 670 S.W.2d 597, 598 (Mo.App.1984). Regarding the production of witnesses, trial counsel has "a responsibility to make 'a reasonable personal effort' to locate witnesses suggested by clients. . . ." Id. at 598 (citing *Porter v. State*, 596 S.W.2d 480, 482 (Mo.App.1980).

■ In the present case, trial counsel sent a public defender staff member to the last known address of Mrs. Robinette in an attempt to locate her. She no longer lived there. He also sent a letter to Mrs. Robinette's husband, inquiring as to her whereabouts. Her husband did not respond. The record reflects that trial counsel made a "reasonable effort" to locate the witness.

Moreover, in order to demonstrate ineffective assistance of counsel, movant must show that there was a reasonable probability that the outcome of the proceeding would have been different without the errors of counsel. *Powers v. State*, 673 S.W.2d 506, 507 (Mo.App.1984). The record does not disclose that the testimony of the witness would have been favorable to movant. We, therefore, find no prejudice. Movant's second point is denied.

The motion court's order denying movant's motion for post-conviction relief is affirmed.

GREENE, P.J., and CRIST, KENNEDY and MARSH, Special Judges, concur.