Paige Tedford MANARD,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14578.

Missouri Court of Appeals,
Southern District,
Division One.

June 9, 1987.

Paige Tedford Manard, pro se, for movant-appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

DEAN WHIPPLE, Special Judge.

Paige Tedford Manard was court-tried and found guilty of selling 115 grams (approximately 1/4 pound) of cocaine for $9,200, and was sentenced to ten years' imprisonment. The conviction was affirmed on appeal. *State v. Manard*, 675 S.W.2d 426 (Mo.App.1984).

After he was confined, Manard filed a motion to vacate his conviction and sentence, pursuant to Rule 27.26,[1] which after amendment alleged, among other things, that Manard had not knowingly and intelligently waived his right to a jury trial. The motion court, without evidentiary hearing, made findings of fact and conclusions of law, and denied the motion. As to the issue of jury waiver, the motion court found that "this allegation of trial error could and should have been raised on direct appeal of the trial and therefore is not cognizable here." Manard appealed the denial of post-conviction relief. We affirm.

Our review is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 27.26(j).

A review of the facts of this case surrounding the trial indicate that on June 10, 1983, Manard executed a written waiver[2] of jury trial which was made a part of the record. The trial court assented to the waiver. The state introduced into evidence, without objection, the reports of the arresting police officer and the crime laboratory. This evidence established that Manard, on February 27, 1982, sold the cocaine in question to Mike Himmel, an undercover police officer, after the buy was set up by a confidential informant.

This was followed by an exchange between Manard and his attorney with Manard acknowledging that he and his attorney had discussed the advantages and disadvantages of Manard's testifying, and that Manard advised the court that he did not wish to testify. There were no witnesses called by the defense. The court then found Manard guilty and sentenced him to 10 years' imprisonment.

■ As to Manard's complaint of not knowingly waiving his constitutional rights to confront his accusers and his right against compulsory self-incrimination, he fails to allege any facts showing he was prejudiced by the giving up of his right to cross-examine the state's witnesses or testify in his own defense.

On appeal, Manard is attempting to reconstruct, through retrospective review, what he wishes had transpired and what might have transpired had he acted differently. The trial tactics of the state were known by Manard prior to the introduction of any evidence, and after the state rested its case, Manard was given the opportunity to testify and declined, thus offering no self-incriminating evidence.

■ Further, Manard's constitutional rights to confront his accusers were not violated at trial as the arresting officer was present at the preliminary hearing and did

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

2. The waiver executed by Manard reads as follows:

The undersigned defendant waives his right to trial by jury in the above-styled cause and submits the trial thereof to the Court, sitting without a jury, whose findings shall have the force and effect of the verdict of a jury.

Defendant states this waiver is made after consultation with defendant's attorney of record, and that no threats or promises were made to defendant to induce this waiver.

Defendant prays the Court to assent to this waiver.

Entered this *10th* day of *June, 1983*

testify in the presence of Manard, and Manard and his attorney knew, or should have known, what the testimony would be and knew what was in the report as it was reviewed by Manard's attorney before trial. Manard does not allege that he wished to personally subpoena the officer in the presentation of his own case, or object to the introduction of his testimony. This was obviously the trial strategy that was intended by Manard and his attorney and he must now be bound by that decision. "[a]bsent exceptional circumstances, a defendant is bound by the tactical decision of competent counsel ... including waiver of the confrontation right...." *Loggins v. Frey,* 786 F.2d 364, 368 (8th Cir.1986).

The motion court properly ruled upon Manard's motion without granting him an evidentiary hearing and that decision and the basis for the decision are affirmed by this court.

GREENE, P.J., and CRIST, KENNEDY, and MARSH, Special JJ., concur.