**Clifford JARMON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52675.**

Missouri Court of Appeals, Eastern District, Division One.

Sept. 15, 1987.

Motion for Rehearing and/or Transfer Denied Oct. 21, 1987.

Application to Transfer Denied Dec. 15, 1987.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

■ Movant was convicted by a jury of first degree murder and sentenced to life imprisonment. His conviction was affirmed in *State v. Jarmon*, 556 S.W.2d 469 (Mo.App.1977). Movant seeks to vacate that conviction and sentence because of ineffective assistance of counsel, asserting counsel failed to use reasonable effort to locate and interview his cousin, Tyrone Douglas, an alibi witness. In order to prove ineffective assistance of counsel, movant must show the performance of his trial counsel lacked the care and skill of a reasonably competent attorney rendering similar services under the existing conditions, which resulted in prejudice to movant. *Makenson v. State*, 719 S.W.2d 112, 113[2] (Mo.App.1986).

■ At the evidentiary hearing, trial counsel testified he spoke to movant several times before trial. Movant gave his attorney the name of Tyrone Jones as a potential witness in March of 1976, stating at the time of the incident, he was at Jones' home watching TV. At that time, trial counsel directed his investigator to find Tyrone Jones, giving him all of the information movant had supplied. Movant did not give trial counsel a phone number or an exact address for Jones, and although the investigator tried several times to find Jones, he could not locate him. There was a concentrated effort to find Jones from March until the time of trial. At the close of the State's evidence, trial counsel told movant they could not find Jones and movant could not present an alibi defense unless he testified at trial. Movant decided not to testify, thus no defense testimony was presented at trial.

At the Rule 27.26 evidentiary hearing, movant produced his alibi witness; however, the witness' name was Tyrone *Douglas* not Tyrone *Jones*. Douglas testified he was with movant at the park on the day of the incident, and they walked from there to his home, where movant stayed until after dark. Douglas was aware of movant's arrest, but never visited movant while he was incarcerated. Douglas enlisted in the Army on September 9, 1976, one month before movant's trial.

■ Whether counsel's effort was reasonable depends upon the factual circumstances of the case. *Baker v. State*, 670 S.W.2d 597, 598[2] (Mo.App.1984). Considering movant supplied the wrong last name and an incomplete address for the witness, trial counsel conducted a reasonable investigation with the information he was given. "In the preparation of the case a lawyer is

not required to be clairvoyant, and he must of necessity rely on information furnished him by his client." *McCoy v. State*, 574 S.W.2d 11, 12 (Mo.App.1978).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.