STATE of Missouri,
Plaintiff-Respondent,

v.

Thomas Daily DEAN,
Defendant-Appellant.

No. 12581.

Missouri Court of Appeals,
Southern District,
Division One.

July 23, 1982.

John D. Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Peter N. Sterling, Public Defender, John D. Wiggins, Asst. Public Defender, Rolla, for defendant-appellant.

GREENE, Chief Judge.

Defendant, Thomas Daily Dean, was sentenced to 10 years' imprisonment after his jury-trial and conviction of the crime of robbery in the second degree. This appeal followed.

The only point relied on here is that the trial court erred in overruling defendant's pre-trial motion to dismiss the charge against him for lack of a speedy trial. The point is based on constitutional grounds, and alleges that the delay impaired Dean's ability to present witnesses in support of his alibi defense.

The facts of the case are as follows. At about 9:00 p. m. on September 24, 1980, Keith Brady, the night manager of the Hillcrest Big Star Super Market in Rolla, Missouri, left the store to deposit the evening receipts from the store in a nearby bank. The money was contained in two deposit bags. As Brady neared the bank, he was accosted by a man who had a paper sack over his head. Two eye holes were torn in the sack. The man pointed a revolver at Brady and demanded the money. Brady handed the robber the two bags. The robber dropped one of the bags. When he leaned over to pick it up, the paper sack fell off, giving Brady a clear view of the man's face from a distance of about five feet. The area was well lighted. The robber then fled with the money and Brady called the police.

Based on Brady's description, a police artist prepared a composite photograph which matched the description of Dean. Brady identified Dean's picture as the robber in a pre-trial lineup. Dean was then arrested and charged with the crime of robbery in the first degree.

The felony complaint was filed in the associate circuit court of Phelps County on October 8, 1980. The preliminary hearing was held October 29, after which Dean was bound over for trial. The information charging first degree robbery was filed in the circuit court on October 31, after which the case languished through disqualification

of two judges, one by the state and one by Dean, discovery, motions to suppress, etc., until July 30, 1981, when the special judge sustained, without prejudice to refiling, defendant's motion to dismiss for lack of a speedy trial. The robbery charge was refiled the same day.

On August 5, 1981, Dean was accorded a preliminary hearing and again bound over to circuit court. The circuit court information was filed, defendant was arraigned and pleaded not guilty on the same day. The case was set for trial on November 9, 1981. The parade of disqualifications, motions to suppress, requests for discovery, motions for change of venue, motion to dismiss for lack of speedy trial, motion for defendant's attorney to withdraw as counsel, etc., continued unabated. Most of this activity, including the motion for change of venue, was instigated by Dean. A motion to dismiss for lack of speedy trial was again filed and was overruled. By agreement between the state and defendant a motion for change of venue was sustained, and the November 9 trial setting in Phelps County was cancelled. The case was transferred to the Circuit Court of Pulaski County on November 30, 1981, and tried December 3, 1981, which trial resulted in Dean's conviction.

Dean claimed alibi as a defense and, in an effort to establish such, produced two witnesses. The first witness, Elisha Whitson, testified that she was working at Ozark Truck Plaza on the evening of the robbery, that she saw a man by the name of Billy Light at that location, that Billy was working on his car, that when she finished her shift about 10:00 p. m. Billy was still working on the automobile and, "[t]here was a lotta people out by his car." She said that she could not testify that she saw Dean at that location. The second witness was Murry James Dodds, Jr. Dodds testified that on the night of the robbery he, Billy Light, and the defendant were at the Ozark Truck Plaza working on Dodds' car. He testified that the three men had left Dodds' home in Dodds' car about 8:00 p. m., drove to the truck stop and stayed there until about 10:00 p. m. Dodds said his car was a 1964

Nova Chevrolet, license number XMA–49. On cross-examination, he identified two photographs as pictures of his car.

In rebuttal, the state produced Wanda Click who testified that she lived "three houses down the street" from the holdup scene, and that on the night of the robbery she and her husband saw a car, which she identified as the car belonging to Dodds, parked near the crime scene at about 9:00 p. m.

■■■ Defendant had a right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. *Klopfer v. North Carolina*, 386 U.S. 213, 221–223, 87 S.Ct. 988, 992–993, 18 L.Ed.2d 1 (1967). The standard to be applied in determining whether defendant has been deprived of a speedy trial is a balancing test in which the conduct of both the prosecution and defendant are weighed. The weighing procedure involves the consideration of all of the circumstances including four main factors which are 1) length of delay, 2) reason for delay, 3) defendant's assertion of his right to a speedy trial, and 4) prejudice to the defendant. *State v. Powers*, 612 S.W.2d 8, 12 (Mo.App.1980). The four factors must be considered together and proof of a single factor is not sufficient to justify the sustaining of a motion to dismiss. *State v. Howell*, 581 S.W.2d 461, 463 (Mo.App.1979).

■ Dean was first arraigned in circuit court on October 29, 1980 and tried on December 3, 1981, an interval of thirteen months. However, such delay was not per se prejudice. The delay was not caused by the state's negligence, nor was it a deliberate attempt by the state to hamper the defendant in his defense. Most of the delay in this case resulted from processing defendant's numerous motions for continuances, change of judge, change of venue, and discovery procedures. While defendant has a legal right to assert such matters, he is in no position to complain of the delay occasioned by the conscientious processing and deciding of such motions by the trial court. *State v. Rice*, 522 S.W.2d 656, 659 (Mo.App. 1975).

Finally, the record does not indicate prejudice to defendant by the delay in this case. He argues that the alibi testimony of Ms. Whitson was, in effect, "lost" to him, because due to the passage of time she was unable to recall at trial what she had actually seen at the truck stop on the night of the robbery. He bases this assumption on the testimony of Blaine Brower, an investigator for the public defender's office, who testified at a hearing on the second motion to dismiss for lack of a speedy trial that Ms. Whitson told him, on January 2, 1981, when he was interviewing her as a possible defense witness, that she had seen Billy Light working on a car the night of the robbery and that Light's brother-in-law and "another guy" were with him, but she did not know their names. Dean argues that such testimony, if remembered by the witness at time of trial, would have corroborated the testimony of Dodds that he, Light, and Dean were working on Dodds' car at the truck stop on the date and at the time of the robbery. This argument does not hold water.

At the same hearing, Ms. Whitson testified that she worked at the restaurant in the truck stop, that she could not see outside due to curtains on the windows, that Billy Light was "in and out quite a lot" and that Light told her he was working on a car. She did not know Dean, had not seen him with Light, and could not say who was near the car when she left the restaurant. She did not, at the hearing on the motion, at trial, or at any other time, testify that she had suffered any memory loss since the date of the robbery as to who was with Light at the truck stop. Her testimony, even if it had been as suggested by defendant, before her so-called memory loss, would have little or no probative value. It is evident that the jury did not believe alibi witness Dodds, which is not surprising considering that evidence placed his car near the robbery scene and not at the truck stop during the time frame in question. The testimony of Ms. Whitson added nothing to that of Dodds and, in fact, depreciated it since she did not, at any time, place either Dodds or Dean at the truck stop on the night in question.

The ruling of the trial court overruling the second motion to dismiss for the reason of lack of a speedy trial was proper under the circumstances.

The judgment is affirmed.

All concur.