STATE of Missouri, Respondent,

v.

John BOLIN, Appellant.

No. 63242.

Supreme Court of Missouri,
En Banc.

Jan. 11, 1983.

Roger G. Brown, Jefferson City, for appellant.

1. All statutory references are to RSMo 1978.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Ellyn L. Sternfield, Clayton, for amicus curiae.

WELLIVER, Judge.

Appellant was convicted by a. Cole County jury of two counts of second degree burglary, § 569.170, RSMo 1978,[1] and was sentenced to a five year prison term on each count, with the two terms to run consecutively. The trial court rejected appellant's contention that he was denied a speedy trial under § 545.780 and under the state and federal constitutions. We affirm.

I

Appellant does not challenge the sufficiency of the evidence, and so it is not necessary to set forth the facts surrounding the crimes. The procedural history of the case requires detailed description.

The burglaries occurred in Russellville on September 2, 1980. Appellant and his two accomplices were stopped by an officer on patrol and arrested in Jefferson City in the early morning hours of September 3, and later that day a complaint was filed in Cole County to secure confinement of appellant. *See* §§ 544.020, .170. The case was assigned No. CR380–1063F. On September 5, the complaint was amended, and appellant appeared before the court, bond was set, and appellant was released.

For the sake of clarity it should be said at this juncture that the next day, September 6, appellant was jailed in the Butler County Jail in Poplar Bluff on a charge of first degree assault. He remained in jail on that charge until October 23. He was again jailed in Butler County from November 14 to November 18 on charges of burglary and possession of stolen property and from November 20 to November 21 on the possession charge. Finally, appellant was jailed in Butler County from January 7, 1981, to January 17, 1981, and from January 29, 1981, to February 8, 1981, on charges not disclosed by the record before us.

The indigency hearing scheduled in Cole County for September 12, 1980, pursuant to appellant's request for the appointment of counsel was continued to September 15 because appellant was not present—he was in jail in Butler County. A preliminary hearing was also scheduled for September 15, but both the preliminary and indigency hearings were continued until October 9 because appellant again was absent. On that day, however, the trial court proceeded to appoint the public defender to represent appellant.

The preliminary hearing was continued three more times. It was continued October 9 because appellant was in jail in Butler County. On October 15, therefore, the case was severed from that of appellant's accomplices [2] and was assigned No. CR380–1227F. The preliminary hearing was again continued October 21, and on October 23 the state sought, and obtained, a writ of habeas corpus ad prosequendum. The preliminary hearing was again scheduled for November 25, but on November 18 the state requested, and received, another continuance for the purpose of seeking a grand jury indictment.

On December 31 the Cole County grand jury returned an indictment charging appellant with two counts of second degree burglary and one count of stealing. The case was assigned No. CR180–99F. The indictment was suppressed because of appellant's absence, and a capias warrant was issued for appellant's arrest. Appellant was arrested on February 8, 1981, and two days later, on February 10, he was arraigned on the indictment. The arraignment thus was held forty-one days after the indictment was returned. The previous complaint, comprising case Nos. CR380–1063F and CR380–1227F, was dismissed after appellant was arraigned on the indictment.

On February 13, and again on February 18, appellant filed a motion to quash the indictment on the ground that, in violation of § 545.780(1), he had not been arraigned within ten days after the indictment was made public. The trial court overruled the motions on April 9.

The Missouri Court of Appeals, Western District, issued a preliminary writ of prohibition on April 20 staying the proceedings against appellant and thirty-six other defendants indicted by the same Cole County grand jury because the indictments were improperly returned in violation of § 540.-270. *State ex rel. Avery v. McHenry,* No. WD 32671 (Mo.App. Apr. 20, 1981) (preliminary rule in prohibition). The preliminary writ of prohibition was modified on May 4 by an order authorizing the state to recommence prosecution by information during the pendency of the prohibition proceedings. *State ex rel. Avery v. McHenry,* No. WD 32671 (Mo.App. May 4, 1981) (order modifying preliminary rule in prohibition issued Apr. 20, 1981). Meanwhile the state had already filed another complaint, case No. CR381–403F, on April 27. The preliminary hearing scheduled thereon for May 1 was never held, however, because, although appellant appeared, no judge was available on that day.

The state obtained a second grand jury indictment, No. CR141–49F, on May 26. Appellant was arraigned on that indictment the following day, May 27, at which time the previous complaint, No. CR381–403F, was dismissed. Appellant was also released on bail that day. Until that time appellant had spent 108 days in jail after his arrest on February 8. On June 1, appellant moved to dismiss the second indictment on statutory and constitutional speedy trial grounds. The motion was overruled on June 2. The state, with leave of the trial court, filed an information in lieu of the indictment on June 4, the day of the trial, and appellant was arraigned and tried on that information. The jury convicted him of two counts of second degree burglary. Finally, on June 16, the court of appeals quashed its preliminary writ of prohibition as moot. *State ex rel. Avery v. McHenry,* No. WD

---

2. The record discloses that both of appellant's accomplices pleaded guilty to charges against them arising out of the same circumstances. Both accomplices testified against appellant at trial.

32671 (Mo.App. June 16, 1981) (order quashing preliminary rule in prohibition).

## II

Appellant first contends that the trial court should have dismissed the case against him because § 545.780,[3] the speedy trial statute, was violated. He complains that he was not arraigned and tried within the time prescribed by the statute. His premise for that argument is that the time periods within which arraignment and trial must be held should begin to run at the time a defendant is arrested or charged. Appellant also contends that the statute is unconstitutionally vague and effectively defeats the speedy trial guarantee embodied in the sixth amendment to the United States Constitution.[4] The intertwined and at times confusing nature of these arguments necessitates a general discussion of the right to speedy trial before addressing appellant's specific complaints.

▆▆▆ The states are free to offer criminal defendants greater protection through their laws than the Constitution requires, but they cannot offer less. *See Oregon v.*

*Hass,* 420 U.S. 714, 719, 95 S.Ct. 1215, 1219, 43 L.Ed.2d 570 (1975); *Sibron v. New York,* 392 U.S. 40, 61, 88 S.Ct. 1889, 1901, 20 L.Ed.2d 917 (1968); *Cooper v. California,* 386 U.S. 58, 62, 87 S.Ct. 788, 791, 17 L.Ed.2d 730 (1967). Statutes cannot displace constitutional guarantees. The Constitution forms an irreducible minimum upon which statutes can only build. Consequently, it has been recognized that § 545.780

> is not a substitute for the ... speedy trial right accorded by the Sixth Amendment ... and by the Missouri Constitution, [art. I, § 18(a) ], nor does it purport to define the limits of those constitutional rights.... The statutory speedy trial right exists separate from, but alongside, the constitutional speedy trial right.

*State v. Richmond,* 611 S.W.2d 351, 354 (Mo.App.1980). Appellant is incorrect in his contention that the statute defeats the constitutional speedy trial guarantee. Neither the language of the statute nor judicial interpretation thereof can abrogate a constitutional right.

▆▆▆ Section 545.780 grants defendants greater protection than the Constitution re-

---

**3.** Section 545.780 provides in part relevant to our discussion herein:

 1. The arraignment of a defendant charged in an information or indictment with the commission of an offense shall be held within ten days from the filing of the information or the making public of the indictment.

 2. When a plea of not guilty is entered at an arraignment the trial shall commence within one hundred eighty days of arraignment.

 3. The following periods of delay shall be excluded in computing the time within which the arraignment or trial of any such offense must commence:

 ....

 (2) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness. For purposes of this section, a defendant or an essential witness shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. For purposes of this section, a defendant or an essential witness shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or

he resists appearing or being returned for trial ...

 ....

 5. If a defendant is not brought to arraignment or trial within the time limit required by this section, the trial judge may dismiss the information or indictment upon motion by the defendant and a showing by defendant that the failure to have the trial commence within time limits specified herein was occasioned by the state. The case may be dismissed with or without prejudice at the discretion of the court.... If the charge was dismissed by the court without prejudice and thereafter a charge is filed against the defendant for the same offense or an offense required to be joined with that offense, the time elapsed between the date the original charge was dismissed to the date the subsequent charge was filed shall be included for purposes of computation of the allowable time to arraign the defendant and commence the trial.

**4.** The sixth amendment provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."

quires.[5] Although there is "no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months," *Barker v. Wingo,* 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101 (1972), the Missouri statute provides specific time limitations within which, absent excusable delays outlined in subsection (3), arraignment and trial must be had. Arraignment must occur within ten days "from the filing of the information or the making public of the indictment." § 545.-780(1). If the defendant pleads not guilty, his trial must begin within 180 days of arraignment. § 545.780(2). The statute makes it clear when these additional rights accrue, and thus appellant's vagueness contention is unavailing. The fact that the trial court interpreted the statute contrary to appellant's view of how it should be interpreted does not make the statute vague.

 Appellant confuses the constitutional and statutory standards. He argues that the ten day period within which a defendant must be arraigned should begin to run whenever the accused is arrested or incarcerated and not when the information is filed or the indictment is made public. He also contends that the 180 day period within which trial must be had should begin to run when a defendant is arrested or charged and not after the "formal arraignment." It is true that for purposes of a defendant's constitutional right to a speedy trial "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment" and "[i]nvocation of the speedy trial provision ... need not await indictment, information, or other formal charge." *Dillingham v. United States,* 423 U.S. 64, 65, 96 S.Ct. 303, 304, 46 L.Ed.2d 205 (1975) (quoting *United States v. Marion,* 404 U.S. 307, 320–21, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971)). *See also United States v. Avalos,* 541 F.2d 1100, 1109 n. 13 (5th Cir.1976), *cert. denied,* 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977); *State v. Black,* 587 S.W.2d 865, 872 & n. 6 (Mo.App.1979). The constitutional standard, however, has no application when the question is whether a defendant has been denied a statutory speedy trial right. The language of the statute controls.[6]

### III

We now address appellant's contention that he was denied his statutory right to a speedy trial. In this case the state filed a complaint, obtained an indictment, filed a second complaint, secured a second indictment, and ultimately tried appellant upon an information filed in lieu of the second indictment. Appellant contends that the time sequence involved violates § 545.780. Upon the facts here, however, we find no violation.

 The statute was not violated with respect to the two complaints. While a complaint in Missouri is a sufficient basis upon which an arrest warrant may issue, § 544.020, prosecution must be based upon an indictment or information, § 545.010.

---

5. Article I, § 18(a) of the Missouri Constitution parallels the sixth amendment. That section provides in relevant part that "in criminal prosecutions the accused shall have the right to ... a speedy public trial." Although none of our cases has ever specifically so held, we have treated the state and federal constitutional provisions as equivalent. *See, e.g., State v. Buckles,* 636 S.W.2d 914, 919 (Mo. banc 1982). We see no reason to construe the Missouri constitutional provision as any broader in scope than is the sixth amendment, after which it was patterned.

6. Appellant relies heavily upon *Avalos,* 541 F.2d at 1109 n. 13, for the proposition that the speedy trial period must begin to run at the latest when a defendant is initially arrested. He points to the language in *Avalos* that "[t]o fail to measure the speedy trial period from initial arrest would allow the government to circumvent the speedy trial requirement by successively dismissing and reinstituting a complaint or indictment for the same offense," *id.,* which he argues occurred in the present case. *Avalos* addressed a claimed denial of the constitutional, rather than a statutory, speedy trial right. While we assume the correctness of the *Avalos* position with respect to a constitutional analysis, *see infra* Part IV, it has no application to the statutory question.

The statutory right to a speedy arraignment, and thus trial, applies by the express language of § 545.780(1) to defendants "charged in an information or indictment." The strictures of the statute do not apply when only a complaint is outstanding. Consequently, we need not inquire further whether the continuances of September 12 and 15, October 9 and 21, November 18, and May 1 were delays "occasioned by the state," § 545.780(5), or whether they were excusable. Appellant argues in this regard that the "standard practice of the prosecutor of Cole County is to file the 'information' immediately before a defendant is formally arraigned in circuit court," a procedure he contends is "utilized in an obvious effort to circumvent the ten day rule" of § 545.780(1). Certainly we do not condone delay occasioned in any manner by bad faith on the part of the state, and any such showing of bad faith would weigh heavily against the state in the balancing process necessary to a determination whether there has been a breach of the constitutional right to a speedy trial. *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192. Regardless of whether the alleged tactic might run afoul of the Constitution, *see infra* Part IV, it does not violate the language of the statute.

The two grand jury indictments and the information upon which appellant was ultimately tried pose slightly more difficult questions.

Appellant was first indicted on December 31, 1980. He was arrested under the capias warrant issued thereupon on February 8, 1981, and was arraigned on February 10, a total of 41 days after the indictment was returned. The trial court overruled appellant's motion to quash the indictment on speedy trial grounds. Appellant argues here that the requirement of § 545.780(1) that arraignment occur within ten days from "the making public of the indictment" means that the arraignment must be held within ten days from the time the indictment is returned, and a charge thus filed, rather than the time the defendant is arrested. If so, the statute was violated because, although delay is excused if it results from "the absence or unavailability of the defendant," § 545.780(3)(2), appellant was in the Butler County Jail twenty days during that period and thus was not "absent" or "unavailable" as that subsection defines those terms. It is unnecessary to reach the merits of this argument. Proceedings on that indictment were halted by the court of appeals' preliminary writ of prohibition on April 20. The indictment was invalid because of an irregularity in the indictment procedure. The entire proceeding thus was a nullity. It is anomalous for appellant now to complain that he was not speedily arraigned and tried on an indictment that he earlier successfully complained was procedurally invalid.[7]

The time elapsed thereafter until trial does not violate the statute. Appellant was arraigned the day after the second indictment was returned, well within the ten days given in § 545.780(1) for arraignment after the filing of the charge.[8] The arraignment on the information filed in lieu

---

7. The American Civil Liberties Union, as amicus curiae, argues in its brief that the speedy trial issue must have had some merit or the court of appeals would not have issued its preliminary writ of prohibition. The ACLU acknowledges in subsequently filed pleadings that the writ addressed only the procedural irregularity of the indictment and did not reach the speedy trial question. The ACLU argues, however, that because the state chose not to proceed in prohibition but instead refiled the same charges against appellant, the state "circumvent[ed] [appellant's] right to litigate his claim of impropriety." This latter question deals not with the speedy trial issue but with the sufficiency of the indictment. The question is not raised by appellant and need not be addressed.

*See Kansas City v. Henderson,* 468 S.W.2d 48, 53–54 (Mo.), *cert. denied,* 404 U.S. 1004, 92 S.Ct. 570, 30 L.Ed.2d 557 (1971).

8. It would unduly strain the statute to say that the court of appeals' preliminary writ of prohibition was equivalent to a dismissal without prejudice within the meaning of § 545.780(5). This case is unlike *State v. Lawson,* 630 S.W.2d 185, 189 (Mo.App.1982), which held that a nolle prosequi entered by the state was equivalent to a dismissal without prejudice. The same considerations are not present here. A nolle prosequi is essentially a voluntary nonsuit on the part of the state. A writ of prohibition, however, is of an entirely different character.

of the indictment the day of the trial was had immediately after the information was filed. Trial was held on June 4, only nine days after the second indictment was returned. This was well within the time allotted by the statute. There was no error.

## IV

█ We turn, finally, to the question whether the delay in this case deprived appellant of his constitutional right to a speedy trial. Resolution of this issue requires that we "engage in a difficult and sensitive balancing process." *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193. That process weighs four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192. *See also State v. Buckles*, 636 S.W.2d 914, 919 (Mo. banc 1982); *State v. Stulce*, 630 S.W.2d 91, 93 (Mo.App.1981); *Black*, 587 S.W.2d at 689.

For purposes of constitutional analysis, the protections of the speedy trial provisions attach when there is "a formal indictment or information" or when "actual restraints [are] imposed by arrest and holding to answer a criminal charge." *Dillingham*, 423 U.S. at 65, 96 S.Ct. at 304 (quoting *Marion*, 404 U.S. at 320, 92 S.Ct. at 463). We will assume, therefore, that appellant's right to a speedy trial accrued when he was first arrested on September 3, 1980. *See Avalos*, 541 F.2d at 1109 n. 13; *Black*, 587 S.W.2d at 872 n. 6.[9] A total of 275 days, one day more than nine calendar months, passed from that date until the trial on June 4, 1981. Sixty-seven days, or slightly

more than two months, of that period resulted from appellant's motions to quash the indictments, and that portion of the delay therefore "can be attributed to a strong excuse." *Barker*, 407 U.S. at 534, 92 S.Ct. at 2194. *See also Buckles*, 636 S.W.2d at 920; *State v. Thomas*, 625 S.W.2d 115, 125 (Mo.1981); *State v. Dean*, 637 S.W.2d 409, 411-12 (Mo.App.1982). The first of appellant's motions was made on February 13 and resulted ultimately in the court of appeals' preliminary writ of prohibition on April 20. Appellant's motion on June 1 to quash the second indictment and dismiss the charges against him on speedy trial grounds was overruled on June 2. Thus, the net delay not necessarily attributable to a strong excuse was just under seven months.

█ The Supreme Court said in *Barker* that "[t]he length of the delay is to some extent a triggering mechanism" and that "[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." 407 U.S. at 530, 92 S.Ct. at 2192. The Court in *Barker* found presumptively prejudicial a delay that, excluding that portion attributable to a "strong excuse," was longer than four years. *Id.* at 534, 92 S.Ct. at 2194. Missouri cases addressing the issue establish no definite pattern. In *Thomas* we held that a delay of less than four months was not presumptively prejudicial in view of the seriousness of a capital murder charge. 625 S.W.2d at 125. In *Buckles*, in which the defendant was charged with capital murder and eventually

9. The court in *Black* stated:

The *Marion* case does state that it is the "actual restraints imposed by arrest *and holding to answer a criminal charge*" that engage the protection of the speedy trial provision of the Sixth Amendment. *United States v. Marion, supra* [404 U.S.], at 320, 92 S.Ct. at 463 (emphasis added). Argument can be made that, in Missouri, because of the significant difference between the informal probable cause determination for issuing a warrant, Rule 21.08, and the formal safeguarded procedure of a preliminary examination, Rule 23.02 et seq., the arrestee is not "[held] to answer a criminal charge" until a

probable cause determination is made at the preliminary examination and, thus, in Missouri, it is the preliminary examination which activates the right to a speedy trial.

This argument ignores the financial, social and psychological prejudice and harm incident to an arrest which is protected against by the Sixth Amendment and which the arrestee would suffer from the time of his arrest until his preliminary examination.

587 S.W.2d at 872 n. 6. *But see State v. Caffey*, 438 S.W.2d 167, 171 (Mo.), *cert. denied*, 396 U.S. 853, 90 S.Ct. 114, 24 L.Ed.2d 102 (1969).

convicted of second degree murder, the Court proceeded to analyze all the *Barker* factors and thus implied that a six month delay attributable to the state was presumptively prejudicial. 636 S.W.2d at 919–20. *Black* found presumptively prejudicial a three year delay "in light of the relatively uncomplicated charge of exhibiting a dangerous weapon," 587 S.W.2d at 875, and in *Stulce* a twenty-one month delay was presumptively prejudicial when the charge was the "relatively uncomplicated" one of misdemeanor stealing of less than fifty dollars, 630 S.W.2d at 93. Delays of just less and just more than three years in two cases involving the same defendant were both held presumptively prejudicial on charges of burglary and stealing. *State v. Powers*, 613 S.W.2d 955, 957 (Mo.App.1981); *State v. Powers*, 612 S.W.2d 8, 12 (Mo.App.1980). These cases amply demonstrate that as a general proposition courts are hesitant to pretermit an analysis of the remaining factors.[10] "[T]he length of delay that will provoke [further] inquiry is necessarily dependent upon the peculiar circumstances of the case," *Barker*, 407 U.S. at 530–31, 92 S.Ct. at 2192, and in view of the foregoing we believe that, for this "ordinary street crime," *id.* at 531, 92 S.Ct. at 2192, a delay of seven months punctuated with accusations, dismissals, and reaccusations is presumptively prejudicial.

The second factor to be weighed in the balance is the justification the state assigns for the delay. This factor must be weighted, although not heavily, against the state. Nothing in the record bespeaks bad faith on

the part of the prosecuting attorney. Certainly there is no evidence of a "deliberate attempt to delay the trial in order to hamper the defense." *Id.* Still, it is ultimately the duty of the state to bring a defendant to trial. *Id.* at 527, 92 S.Ct. at 2190. As we have already noted, two of the nine months between appellant's initial arrest on these charges and his trial were consumed with appellant's attacks upon the two grand jury indictments. Our concern here is with the remaining seven months.

 Appellant's preliminary hearing on the initial complaint was continued four times and, in fact, was never held. Continuances were granted the first three times because appellant was in jail in Butler County on other charges. It would not have been a complicated matter for the state to seek a writ of habeas corpus ad prosequendum to secure appellant's presence in Cole County. That was finally done on October 23, and the record reflects that appellant was released from jail in Butler County on that date. Nothing in the record, however, reflects further action thereon. In fact, the preliminary hearing was postponed still another time. The only ameliorating factor as concerns the fourth continuance is that the prosecutor requested it so that the state could seek a grand jury indictment, which the prosecutor "thought ... would be the more expeditious manner to handle the case than trying to run down all the witnesses" for the preliminary hearing prerequisite to the filing of an information under § 544.250. The fourth continuance thus evidences an at-

---

10. The Supreme Court's statement in *Barker* that the delay must be presumptively prejudicial before further analysis is required is difficult, if not impossible, to reconcile with language later in that opinion that

> none of the four factors identified ... [is] either a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities ....

407 U.S. at 533, 92 S.Ct. at 2193. The Court demonstrated its adherence to this latter language in *Moore v. Arizona*, 414 U.S. 25, 94

S.Ct. 188, 38 L.Ed.2d 183 (1973), in which it reversed the holding of the Supreme Court of Arizona that a showing of prejudice to the defense at trial was necessary to establish a federal speedy trial claim. The state court "was in fundamental error in its reading" of *Barker*. *Id.* at 26, 94 S.Ct. at 189. In view of *Moore*, it is unclear whether the length of the delay will still be considered a "triggering mechanism," *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192, requiring further inquiry. This no doubt explains the reluctance of many courts to terminate the analysis by holding that the delay is not presumptively prejudicial. We have done so only once. *State v. Thomas*, 625 S.W.2d 115, 125 (Mo.1981).

tempt by the state to expedite the proceedings rather than stall them. In hindsight, which is "always 20/20 vision," *Greer v. Zurich Insurance Co.,* 441 S.W.2d 15, 32 (Mo.1969), it would have been more expedient to proceed with the preliminary hearing, because the indictment subsequently obtained was procedurally invalid and attacks upon it lasted two months. The state should not, however, be judged in hindsight. A preliminary hearing on the second complaint was postponed May 1 because no judge was available. This delay "should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the [state] rather than with the defendant." *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192.

Any deficiency on the part of the state is counterbalanced by appellant's failure to assert his constitutional speedy trial right until just before trial. Although "[a] defendant has no duty to bring himself to trial," *id.* at 527, 92 S.Ct. at 2190, "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial," *id.* at 532, 92 S.Ct. at 2193. At no time did appellant object to any of the continuances, although he was represented by counsel as early as September 15, 1980, when the public defender was appointed to represent him. Neither did appellant ever request either a preliminary hearing or a trial. Appellant's February 18 motion to quash the first indictment alleged in part that appellant was not arraigned within ten days as required by § 545.780(1),

but it was not until three days before the trial that appellant moved to dismiss the charges against him on constitutional speedy trial grounds. Appellant's attorney conceded as much at oral argument on the motion before the trial court.[11]

 Finally, we consider the question of prejudice. The factors to be assessed in determining whether delay results in prejudice to the defendant are (1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) limitation of the possibility that the defense will be impaired. *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193; *Buckles,* 636 S.W.2d at 219; *Black,* 587 S.W.2d at 877; *State v. Haddix,* 566 S.W.2d 266, 274 (Mo.App.1978). Undoubtedly, anxiety and concern exist in every criminal case, but "that alone does not establish prejudice where, as here, the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific instances." *Black,* 587 S.W.2d at 877 (quoting *Morris v. Wyrick,* 516 F.2d 1387, 1391 (8th Cir.), *cert. denied,* 423 U.S. 925, 96 S.Ct. 268, 46 L.Ed.2d 251 (1975). The gravity of any "public obloquy," *Marion,* 404 U.S. at 320, 92 S.Ct. at 463, to which appellant might be subjected is lessened by the facts that appellant has already been convicted at various times for shooting into a dwelling, auto theft, and assault and that burglary and stealing charges were pending against him in Butler County as well. Appellant was jailed in Cole County for two days after his initial arrest and for 108 days between February 8 and May 27, when he

---

11. The following took place in the trial court two days before trial:

> THE COURT: All right. Just a second. There has never been any motion of record filed by the defendant or defendant's counsel asserting his right to a speedy trial, or requesting either a trial or preliminary hearing.
> [PROSECUTOR]: Not until this motion.
> THE COURT: That would certainly be the exception if that was the case.
> [PROSECUTOR]: Not until this motion here today.
> THE COURT: Neither is there anything on any record that we have that defendant or counsel objected to any continuance of any preliminary hearing.

> [PROSECUTOR]: No, Your Honor. As a matter of fact, I was there, I believe—
> THE COURT: Off the record.
> [Off the record discussion.]
> THE COURT: I just wanted to make sure that we don't have that issue right here.
> [PROSECUTOR]: No, no, there was no assertion by the defendant of his speedy trial rights, that I am aware of.
> *[DEFENSE COUNSEL]: Other than this one.*
> [PROSECUTOR]: Other than the one filed yesterday, or today.
> THE COURT: All right. That's all.
> (Emphasis added.)

finally posted bail. In view of the facts of this case, incarceration for that length of time cannot be said to be oppressive. Appellant has made no allegation of the "most serious" form of prejudice, that his defense was impaired because of the incarceration and delay. *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193. In fact, appellant requested still another continuance the day of the trial. There is no allegation that any witnesses died or disappeared or were otherwise unavailable to the defense, and although "[l]oss of memory ... is not always reflected in the record because what has been forgotten can rarely be shown," *id.,* our reading of the trial transcript reveals no substantial evidence of memory lapse on the part of the witnesses. Considering the foregoing factors, we think any prejudice to appellant was minimal.

■ Although the length of the delay in this case is presumptively prejudicial, that presumption is overcome by the other factors in the case. The state could well have acted more quickly than it did. Appellant, however, objected to none of the continuances, never requested a preliminary hearing or trial, and asserted his constitutional right to a speedy trial only three days before the trial. Nothing in the record suggests that actual prejudice to appellant was anything but insubstantial. When we weigh these factors carefully we are convinced that appellant's constitutional rights were not breached.

Appellant was not denied his right to a speedy trial secured by either § 545.780 or the state and federal constitutions. The judgment of the trial court is affirmed.

RENDLEN, C.J., HIGGINS and DONNELLY, JJ., and MORGAN and SEILER, Senior Judges, concur.

GUNN, BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.