STATE of Missouri, Respondent,

v.

Ivan B. JOHNSON, Appellant.

No. WD 32,692.

Missouri Court of Appeals, Western District.

July 3, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

William E. Erdrich, St. Joseph, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, C.J., and SHANGLER, MANFORD, KENNEDY, NUGENT, LOWENSTEIN and BERREY, JJ.

TURNAGE, Chief Judge.

Ivan Johnson was found guilty by a jury of rape and sodomy and punishment was fixed at 7 years imprisonment on each count. The court entered judgment assessing the same punishment with the sentences to run concurrently.

Johnson contends that he was denied a speedy trial under § 545.780, RSMo 1978. He further contends he was denied a speedy trial in violation of his state and federal constitutional rights; that the state failed to disclose the details of the victim's involvement in the sale of marijuana; and that the court committed plain error in allowing Johnson's witnesses to appear in leg irons. Affirmed.

Johnson does not challenge the sufficiency of the evidence. It will suffice to say that the victim had met Johnson prior to the night that he entered her home and committed the rape and sodomy of which she testified. There was evidence that Johnson's fingerprints were found in the victim's kitchen on a glass recovered immediately after her report of the incident.

Johnson was arraigned on October 3, 1979. At that time Johnson was represented by his own attorney and, following an application for a change of judge, the attorney filed an application to withdraw. In February of 1980, the court advised Johnson to either retain an attorney or apply for a public defender.

On March 6, 1980, Johnson appeared on this charge while he was in jail on a charge of receiving stolen property. The court appointed the public defender to represent him.

Johnson again appeared on this charge in July of 1980, and the court noted that the public defender had withdrawn because of a conflict in representing a co-defendant of Johnson's in the stolen property case. The court stated that the conflict had been resolved and again appointed the public defender. On October 6, 1980, Johnson appeared with the public defender who advised the court that although the conflict involving a co-defendant on the stolen property charge had been resolved, the public defender represented one of Johnson's co-defendants in a burglary charge pending against Johnson. Before requesting that he be allowed to withdraw, the public defender moved to dismiss the charge against Johnson because a trial had not been held within 180 days as required by § 545.780. The public defender stated that he did not say that Johnson had been prejudiced by the delay, but that he was entitled to dismissal because of the failure to bring him to trial within the 180 days. The court found that any delay in getting the case tried was caused by Johnson. The court allowed the public defender to withdraw.

On December 4, 1980, another attorney was appointed to represent Johnson, and on December 23 that attorney filed another motion to dismiss under § 545.780. That motion was likewise denied.

In January of 1981, the state filed a first amended information. On February 2, 1981, Johnson and his attorney appeared and his attorney said that some of Johnson's witnesses were out-of-state and some were in Missouri prisons. Counsel stated that he was not ready for trial because his witnesses were not there. The court set the case for trial on March 2, 1981.

On March 2, Johnson and his attorney appeared and counsel stated that he was not ready because there were a number of witnesses that he wanted to appear. He stated that two who were in prison were then en route, but that he had been unable to contact the other witnesses because Johnson's relatives were to furnish the addresses but had failed to do so. Counsel stated that he had an appointment with

Johnson's brother prior to trial at which time addresses were to be supplied to him, but the brother failed to keep the appointment. Counsel stated to the court in all candor that he was having difficulty preparing a defense because he had received conflicting versions of the incident from Johnson and other members of his family. Counsel stated that he did not know which way to go in preparing a defense. Johnson told the judge that he was not satisfied with his attorney and counsel moved for leave to withdraw but this was denied. No specific information was supplied to the court regarding particular witnesses Johnson wanted to appear but was unable to contact.

The record reveals that while this case was pending prior to trial, the prosecutor filed five motions requesting that the case be set for trial.

Johnson first contends that he is entitled to have the charge dismissed because of the failure to try him within 180 days after arraignment as required by § 545.780. The court in *State v. Collins*, 669 S.W.2d 933 (Mo. banc 1984), held that § 545.780 has no teeth and that dismissal of an indictment or information is purely a matter for the discretion of the trial judge. The court further stated, "one who would challenge this exercise of discretion must meet the very substantial burden of demonstrating an abuse of discretion. Counsel should realize that success on appeal is very unlikely if the trial judge declines to dismiss the case."

■ Although the delay in this case is longer than that in *Collins* there are striking similarities. As in *Collins*, Johnson had other charges pending against him while this charge was pending, and the trial judge stated that Johnson had been tried on at least one of the other charges. There was a change of counsel as occurred in *Collins*. This court is unable to say that the trial judge abused his discretion in refusing to dismiss this case under § 545.780.

■ Johnson further contends that his right to a speedy trial under Article 1,

§ 18(a) of the Missouri Constitution and under the Sixth Amendment of the United States Constitution was denied. The resolution of this question requires the balancing process described in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and *State v. Bolin*, 643 S.W.2d 806 (Mo. banc 1983). The first factor to be balanced is the length of delay which was described in *Barker* as a triggering mechanism to engage the balancing process. The delay in this case was 515 days between arraignment and trial which may be described as presumptively prejudicial. *Bolin*, supra at 814. That being so, it is necessary to turn to the remaining factors to be balanced.

■ The second factor is the reason for the delay. As in *Bolin*, there is no contention that the prosecutor or the trial court attempted to delay the trial in order to hamper the defense. Although the delay in this case was well over a year, there was a withdrawal of the private attorney who represented Johnson, and difficulty in obtaining a public defender to represent him because of conflicts involving other charges against Johnson. Further, the state filed five motions requesting this case be set for trial. This factor weighs in favor of the state.

■ The next factor is the assertion by the defendant of his right to a speedy trial. The record does not reveal any attempt by Johnson to have the case tried. This factor weighs in favor of the state.

■ The final factor is the question of prejudice. The subfactors to be considered under this heading are, "(1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) limitation of the possibility that the defense will be impaired." *Bolin* at 815[15, 16].

■ The prevention of pre-trial incarceration is not present in this case because Johnson was free on bond part of the time and was incarcerated on other charges for the remainder. Nor does anxiety and concern of Johnson weigh in his favor in this

case since apparently he was under other charges most of the time this case was pending. The only factor involving prejudice which could apply to Johnson would be impairment to his defense. It will be recalled that the public defender said in October of 1980 that Johnson's defense had not been prejudiced. Although counsel for Johnson stated on February 2, 1981, that his defense had been prejudiced because he had witnesses out-of-state, it later developed that neither Johnson, nor his relatives, could furnish information about these witnesses and Johnson's brother failed to keep an appointment to supply addresses. No witnesses are named who would have testified but who could not be produced. In short, there is nothing in the record to indicate prejudice to Johnson's defense by the delay in bringing him to trial.

▇ The record in this case reveals that Johnson was never ready for trial, and that he never asserted his constitutional right to a speedy trial. When the case was set for trial, even after a lapse of over a year, Johnson was not ready. Although the court reset the case to allow him time to obtain witnesses, Johnson still was not ready when the case was called. He wanted time to obtain witnesses for an elusive defense which his counsel could not identify. The two motions to dismiss under § 545.780 may properly be characterized under this record as pro forma since Johnson had not objected to the failure to bring him to trial nor had he made an effort to have the case set for trial. The court in *Barker* stated 407 U.S. at 536, 92 S.Ct. at 2194, "[b]ut barring extraordinary circumstances we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates, as does this one, that the defendant did not want a speedy trial." This court finds that the record indicates that Johnson did not want a speedy trial. After engaging in the balancing required by *Barker* this court finds that Johnson was not denied his constitutional right to a speedy trial.

Johnson next contends that the prosecutor failed to disclose the details of the victim's involvement in the sale of marijuana. No request for disclosure was filed on behalf of Johnson but the prosecutor advised the court that full disclosure had been made available to Johnson's counsel. Johnson now requests consideration of this point under the plain error rule, 29.12.

▇ It is difficult to fathom Johnson's point because of the generality of the argument. Apparently, the contention is that counsel was hampered in conducting cross-examination because he was not fully aware that the victim and particularly her husband were dealing in marijuana. Yet the record does not support an argument of ineffective cross-examination. Counsel cross-examined both the victim and her husband on the subject and both freely admitted their involvement. Furthermore, the two witnesses Johnson subpoenaed from prison testified to a defense that the rape accusation was only to gain revenge against Johnson for his alleged theft of marijuana from the victim's husband. This fact was of necessity known prior to trial in order to arrange for the appearance of these witnesses. On this record it is impossible to conclude that information was withheld. This point is wholly lacking in merit.

Johnson finally contends that the court erred in allowing Johnson's two witnesses who were incarcerated in Missouri prisons to appear before the jury with leg irons. The record does not indicate that any request was made to the court to have the leg irons removed before these witnesses testified. In fact, Johnson's counsel, who was different from counsel now representing him, brought out in his questioning that the witnesses were appearing in leg irons. There was no action on the part of the court requested nor taken concerning the leg irons.

▇ This point is also presented as plain error since no relief was requested from the trial court. Johnson simply contends that the leg irons would cause the jury to be more likely to disbelieve the witness's testimony. It is difficult to un-

derstand how the credibility of these witnesses would have been damaged by their appearance in leg irons beyond the damage that occurred from the fact that both witnesses testified that they were incarcerated in Missouri prisons. One witness was incarcerated after conviction for shooting into a dwelling and the other for burglary and stealing and for jumping bail. Plain error is limited to cases "where there is a manifestation and showing that injustice or miscarriage of justice results if the rule is not invoked." *State v. Murphy,* 592 S.W.2d 727, 732[9] (Mo. banc 1979). This court cannot say that the appearance of the witnesses in leg irons resulted in a miscarriage of justice.

The judgment is affirmed.

All concur.