**STATE of Missouri, Respondent,**

v.

**David McNEAL, Appellant.**

**No. 49361.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 6, 1985.

Motion for Rehearing and/or Transfer Denied Oct. 3, 1985.

Application to Transfer Denied Nov. 21, 1985.

James S. McKay, St. Louis, for appellant.

William L. Webster, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Defendant David McNeal appeals his jury conviction of receiving stolen property valued over $150.00 in violation of § 570.-080 RSMo 1978 for which he was sentenced to ten years imprisonment as a persistent offender. In his appeal from the resulting judgment McNeal contends that the trial court erroneously denied his motion to exclude evidence of another crime, and the trial court also erred in failing to grant his motion for dismissal in that his constitutional right to a speedy trial was violated. We find that the objection to evidence of another crime was not properly preserved for appellate review and the defendant's constitutional right to a speedy trial was not violated. Therefore, we affirm.

At approximately 9:00 a.m. on Sunday, March 1, 1981, Officer Steven Jorens observed a red Corvette followed by a burgundy Corvette pass him going west bound on Interstate Highway 55 near Reavis Road. Each was occupied by a single black male. The red Corvette was carrying a license plate which appeared to be "flap-ping." The burgundy auto did not have a plate. The two Corvettes were discovered missing from the United Transport lot and reported to police. Officer Jorens followed the two cars to the exit ramp for Lindbergh Boulevard on Interstate 55. At that point he momentarily lost sight of the autos, but quickly caught sight of them again parked near a shoe store on Union Road near Lindbergh. Officer Jorens testified that he saw McNeal get out of the red Corvette and get into a 1968 blue Oldsmobile. On the floorboard of the Oldsmobile, underneath where McNeal was sitting, the ignition key to the burgundy Corvette was found. Furthermore, defendant's fingerprints were found on the burgundy Corvette.

McNeal contends that the trial court erred in admitting evidence of a crime other than that with which he was charged. Testimony was admitted to the effect that defendant's fingerprints appeared on a stolen burgundy Corvette automobile and that keys thereto were found under a seat where defendant was sitting in the Oldsmobile. McNeal was charged with receiving a stolen red Corvette only, and not the burgundy Corvette. The trial court denied a pre-trial motion in limine to exclude any evidence concerning McNeal's possible connection with one burgundy Corvette automobile.

Two of the state's witnesses at trial, St. Louis County police officers Jorens and Hanlon, testified about facts which connected McNeal to the burgundy Corvette without defense counsel renewing his earlier objection. At the close of state's case, the prosecuting attorney moved for the admission of exhibits which linked McNeal to the burgundy Corvette and were the subject of testimony by Jorens and Hanlon. It was only at this time that defense counsel renewed his pretrial objection.

The rule is well-settled in Missouri that when a motion in limine has been denied, the moving party, in order to keep the challenge alive, must object when the prejudicial material is offered during trial. The pre-trial motion in limine does not pre-

serve for appellate review any allegation of error with respect to the admission of evidence. *State v. McIntosh*, 635 S.W.2d 370, 372 (Mo.App.1982). The objection made after the testimony of Jorens and Hanlon did not preserve this point for appellate review. *See State v. Williams*, 584 S.W.2d 134, 136 (Mo.App.1979). Therefore, the defendant has not properly preserved this point.[1] The point is denied.

■ Defendant next asserts that the trial court erred in denying defendant's motion to dismiss for violation of his constitutional right to a speedy trial.[2] Dismissal due to violation of a defendant's Sixth Amendment right to a speedy trial is a severe remedy. *Barker v. Wingo*, 407 U.S. 514, 522, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101 (1972). Resolution of this issue requires that we engage in a balancing process. *Barker v. Wingo*, supra; *State v. Bolin*, 643 S.W.2d 806, 813 (Mo. banc 1983). That process weighs four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. at 530, 92 S.Ct. at 2191.

■ For purposes of constitutional analysis, the protection of the speedy trial provision under the Sixth Amendment attaches when there is a formal indictment or information or when actual restraints are imposed by arrest and holding to answer a criminal charge. *State v. Bolin*, 643 S.W.2d 806, 813 (Mo. banc 1983). However, once charges are dismissed, the speedy trial guarantee is no longer applicable. *United States v. MacDonald*, 456 U.S. 1, 9, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696 (1983); *State v. Anderson*, 687 S.W.2d 643–47 (Mo.App.1985); *State v. Manard*, 675 S.W.2d 426, 429 (Mo.App.1984). Following dismissal of charges, any restraint on liberty, disruption of employment, strain on financial resources, and exposure to public obloquy, stress and anxiety is no greater than it is upon anyone subject to a criminal investigation. *United States v. MacDonald*, supra, 456 U.S. at 9, 102 S.Ct. at 1502. The record here indicates that McNeal was under arrest or free on bond awaiting trial on formal charges for approximately 22 months. These 22 months are the length of delay which is the subject of scrutiny under the *Barker v. Wingo* balancing test.

■ The second factor in the balancing test is the justification the state assigns for the delay. The state admits in its brief that the record on appeal is "dramatically sparse on this issue and somewhat ambiguous." Because of the state's inability to advance a justification, this factor must be weighed, although not heavily, against the state. *State v. Bolin*, 643 S.W.2d at 814. Furthermore, nothing in the record bespeaks bad faith on the part of the prosecuting attorney or a deliberate attempt to gain on advantage by delay. *State v.*

---

**1.** Even if we were to review this point under the plain error doctrine, we would still find no merit to it. The trial court is possessed with substantial discretion in determining the extent to which evidence of other crimes may prejudice the defendant. *State v. Engleman*, 653 S.W.2d 198, 199 (Mo.1983). Such evidence is admissible to prove the crime charged when it tends to establish motive, intent, the absence of mistake, or accident, and a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other. *State v. Williams*, 652 S.W.2d 102, 110 (Mo. banc 1983). The evidence linking McNeal to the stolen burgundy Corvette, which was taken from the same owner at the same time and was ultimately located within a few yards of the car which the defendant was charged with stealing, definitely falls within the general exception stated above in *Williams, supra*.

**2.** The following facts related to arrests and releases of McNeal in connection with the above incident over the next 3½ years and are organized in the following table:

| PROCEDURAL EVENT | DATE |
| --- | --- |
| 1) Arrested on Charge of Auto Theft | March 1, 1981 |
| 2) Released on Charge of Auto Theft | March 2, 1981 |
| 3) Arrested on Charge of Stealing over $50.00 | March 3, 1981 |
| 4) Immediately Released When Warrant Refused | March 3, 1981 |
| 5) Arrested on Charge of Receiving Stolen Property, Auto | May 8, 1981 |
| 6) Released | June 4, 1981 |
| 7) Arrested in Las Vegas Later Extradicted to Missouri | October 5, 1982 |
| 8) Released—Cause Dismissed | January 11, 1983 |
| 9) Rearrested on Same Charge But in New Cause | January 11, 1983 |
| 10) Released on Bond | January 15, 1983 |
| 11) Case Dismissed for Failure to Bring Trial Within 180 Days | November 8, 1983 |
| 12) Again Arrested in Las Vegas on Charge of Receiving Stolen Property | December 26, 1983 |
| 13) Released on Bond | January 11, 1984 |
| 14) Tried on Charge of Receiving Stolen Property | September 11, 1984 |

*Holmes*, 643 S.W.2d 282, 287 (Mo.App. 1982).

The next factor to be weighed is the defendant's assertion of his right to a speedy trial. McNeal first asserted his right to a speedy trial in a pro se motion on February 16, 1984. This date is nearly three years after the appellant was first arrested. However, because all previous charges against him had been dismissed, the date the pro se motion was filed is only 1½ months after McNeal was arrested upon the charge for which he was ultimately brought to trial. The defendant can be said to have timely asserted his constitutional right to a speedy trial.

The final factor to be considered is prejudice to the defendant. "The resulting prejudice to require reversal must be actual prejudice apparent on the record or by reasonable inference—not speculative or possible prejudice." *State v. Buckles*, 636 S.W.2d 914, 920 (Mo. banc 1982) citing *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971) as authority. "The factors to be assessed in determining whether delay results in prejudice to the defendant are (1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) limitation of the possibility that the defense will be impaired." *State v. Bolin*, 643 S.W.2d at 815. McNeal was incarcerated five times prior to his trial ranging from twenty hours to almost four months. Twice, the defendant attempted to move to Las Vegas, Nevada, and both times was forced to return to St. Louis to face charges. However, the defendant's defense was not impaired by the delay. His defense consisted solely of his own testimony, and his memory of the facts was precise while testifying at trial. "[T]he most important factor to be considered in the speedy trial equation is whether the delay has impaired the defendant's ability to make a defense." *State v. Holmes*, 643 S.W.2d 282, 288 (Mo.App.1982).

Considering the factors together and the harsh nature of the remedy, we find no violation of the defendant's right to a speedy trial. Although the state should have acted with greater speed and we are not pleased with the record, given the lack of actual prejudice to the defendant's defense, the delay was not so extreme as to warrant reversal. See *State v. Stulce*, 630 S.W.2d 91, 92 (Mo.App.1982), which involved a 21 month delay; *Barker v. Wingo*, *supra*, (5 year delay—no denial of speedy trial); *State v. Gay*, 523 S.W.2d 138 (Mo. App.1975) (3½ year delay—no denial of speedy trial); *State v. Black*, 587 S.W.2d 865 (Mo.App.1979) (3 year delay—no denial of speedy trial).

The judgment is affirmed.

CRIST and CRANDALL, JJ., concur.